UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LACHANA WILLIAMS, et al.,

    Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,

    Defendants.

Case No. 13-cv-00508-JST

**ORDER DENYING MOTION TO DISMISS, SEVERING CLAIM AGAINST THE UNITED STATES, AND TRANSFERRING TO COURT OF FEDERAL CLAIMS**

Re: ECF No. 14

Before the Court is Defendant United States Department of Agriculture's ("USDA") Motion to Dismiss for Lack of Jurisdiction. ECF No. 14. Because this Court lacks subject matter jurisdiction over Plaintiffs' claims against USDA, but the claims could have been brought in the Court of Federal Claims, the Court will deny the motion, sever the claim against USDA, and transfer the claim to the Court of Federal Claims for further proceedings.

## I.  BACKGROUND

Plaintiffs allege they purchased an aircraft from Defendants on November 14, 2011. Compl. ¶ 1. When they tried to register the aircraft, Plaintiffs were informed by the Federal Aviation Administration ("FAA") that "the registration of said aircraft was cancelled on December 04, 2009 at the request of Defendant(s) as being totally destroyed or scrapped." Id. ¶ 2. Plaintiffs allege Defendants intentionally misrepresented the condition of the aircraft by falsely claiming the airframe had only 2,900 hours of use, and by failing to disclose that the aircraft was de-registered by the FAA. Id.

In addition, Plaintiffs allege Defendants "knowingly and willfully removed major component's[sic] from the aircraft, before delivering the said aircraft to the Plaintiff(s) on January 30, 2012." Id. ¶ 3. The removed components allegedly included two radios, a black box, a rudder

trim tab position transmitter, and a light dimmer. Id.

Finally, Plaintiffs allege that Defendants gave them "a current registration of an aircraft that was in good standing with the FAA, that did not march or belong to the aircraft that that Plaintiff(s) purchased from the Defendant(s), to intentionally mislead the Plaintiff(s) into believing they were receiving the current registration for the aircraft they purchased, that only needed some minor repairs." Id. ¶ 4.

Plaintiffs demand restitution "for the total cost for re-registering and obtaining the aircraft airworthiness certificate" and for "the replacement of all the missing component's[sic]," as well as reimbursement "for their expenses incurred including but not limited to, the cost paid to store the said aircraft, hotel accommodations, travel to and from California, to attend to said aircraft, court, etc., until this matter is settled and or ruled on by the courts." Id. at "Demand Restitution" ¶¶ 1–2.

Attached to the Complaint is a "Purchaser's Receipt and Authority to Release Property" listing in the "From:" field: "GSA, FAS, 9QSCC / Sales Office / 450 Golden Gate Ave 4th Floor West." Id. Ex. A002 ("Receipt"). The Receipt indicates the seller received $16,300 from Lachana Williams of Tallahassee, Florida at auction. Receipt § 6. The "Owning Agency or Reporting Office" is listed as "USDA FOrset Service / Pacific Southwest Region." Id. § 7. The Property Description lists the item purchased as a 1967 Rockwell Commander 680 FL(P), tail number N911KC, a fixed wing aircraft with twin Lycoming Model 10720 engines. Id. § 9. The receipt states the right engine had thirty hours use since overhaul, the left, 1,390, and the airframe, 2,900. Id. The description also states: "Repairs required including but not limited to: plane has not been flown in over five years; right engine has metal in oil." Id. The description continues with "Bidders are strongly . . ." before skipping to the next page, which page Plaintifs did not include in their Complaint. However, Plaintiffs submitted with their opposition brief as Exhibit A034 a GSA Auctions webpage printout containing the same description; that description continues: ". . . encouraged to inspect prior to bidding." ECF No. 15, Ex. A034, p .1. The webpage also states the auction closed on November 14, 2011, that the condition of the plane was not warranted, and that the seller would make the aircraft available for inspection the week of October 31, 2011 by appointment only (at which the seller would make the aircraft's records available as well). Id.

1          Also attached to the Compaint is an "Aircraft Bill of Sale" granting to Lachana Williams a
2   Rockwell Aerocommander 680 with United States Registration Number N911KC, serial number
3   1696-36, on November 14, 2011.  Compl., Ex. A001.  The Bill of Sale lists the seller as General
4   Services Administration ("GSA") c/o USDA and Kern County Fire Department, signed by Shirley
5   Tarkington, whose title is listed as "Sales Contracting Officer, 9QSCC."  Id.  The make, model,
6   tail number, and serial number on the aircraft in the registration card attached as Exhibit A010 to
7   the Complaint is different.  That card lists the aircraft as a Rockwell International 690A with tail
8   number N490KC and serial number 11300; the card was issued to Kern County in Bakersfield,
9   California in July 2009, and expires in October 2014.
10         The Complaint also attaches: a letter from the Kern County Fire Department dated
11  November 16, 2009 in which Kern County notified the Civil Aviation Directory that it did not
12  wish to register the aircraft Plaintiffs purchased at auction two years later because "[t]he aircraft
13  [had] been non-operational for three years and has been partially stripped," Ex. A003; a
14  deregistration form for the subject aircraft dated December 4, 2009 indicating the aircraft was
15  "totally destroyed or scrapped" at the request of the registrant, Kern County Fire Department, Ex.
16  A006; and a letter from the FAA indicating the same, Ex. A003.  Attached to the original
17  complaint but omitted from the Amended Complaint was a bid from Megahertz Avionics, Inc. in
18  Bakersfield, California to refurbish the missing equipment in the "AeroCommander N911KC"
19  totaling $48,230.  ECF No. 1, p. 10.  Plaintiffs submitted with their original complaint, but omitted
20  from the Amended Complaint, a "Notice of Action Taken on Claim" dated September 5, 2012,
21  from the Kern County Counsel indicating that Plaintiffs submitted a claim to the Kern County
22  Board of Supervisors on August 10, 2012, which the Board rejected "on its merits."  ECF No. 1,
23  p. 8.  The Notice contains a warning: "Subject to certain exceptions, you have only six (6) months
24  from the date this notice was deposited in the mail to file a court action on this claim.  You may
25  seek the advice of an attorney of your choice in connection with this matter.  If you desire to
26  consult an attorney, you should do so immediately."  Id. (citing Gov. Code § 945.6).
27  / / /
28  / / /

## II. LEGAL STANDARD

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). In resolving a facial attack, courts assume that the allegations are true, and draw all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (citations omitted). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. The court need not presume the truthfulness of the plaintiff's allegations. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air, 373 F.3d at 1039 (citations omitted).

## III. ANALYSIS

Defendant USDA moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the grounds that Plaintiffs' Complaint (1) fails to demonstrate compliance with the Contract Disputes Act, 41 U.S.C. § 7101, *et seq.*, and (2) fails to establish jurisdiction pursuant to the Little Tucker Act, 28 U.S.C. § 1346. Mot. p. 2.

Pursuant to the doctrine of sovereign immunity, "it is axiomatic that the United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Courts have no jurisdiction to hear suits not provided for by statute or other clear expression of intent to abrogate immunity. United States v. Testan, 424 U.S. 392, 399 (1976). Here, sovereign immunity principles apply equally to Defendant USDA because the United States is the real party in interest. Helash v. Ballard, 638 F.2d 74, 76 (9th Cir. 1980).

The Tucker Act vests the United States Court of Federal Claims with jurisdiction to render

1  judgment upon any claim against the United States founded upon any express or implied contract
2  with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."
3  28 U.S.C. § 1491(a)(1). The Little Tucker Act vests all district courts with jurisdiction to hear the
4  same claims provided for by the Tucker Act only if the claims do not exceed $10,000. 28 U.S.C.
5  1346(a)(2). In response to the instant Motion, Plaintiffs submitted a purported amendement to the
6  Amended Complaint on August 19, 2013, ECF No. 26, which demands restitution in the amount
7  of $99,230 and reimbursement for expenses in the amount of $65,000. Additionally, the original
8  complaint contained a bid for equipment in the subject aircraft exceeding $10,000. Thus, because
9  Plaintiffs assert contract claims exceeding $10,000, this Court does not have jurisdiction over their
10 claims under the Little Tucker Act.

The Tucker and Little Tucker Acts are jurisdictional, not substantive; plaintiffs suing the United States must usually locate their claims in another source of abrogation of sovereign immunity. United States v. Testan, 424 U.S. 392, 398 (1976). However, if a claim is "concerned solely with rights created within the contractual relationship and has nothing to do with duties arising independently of the contract," the claim falls within the ambit of the Acts, depending on the amount of the claim. North Side Lumber v. Block, 753 F.2d 1482, 1486 (9th Cir. 1985), cert. den'd, 474 U.S. 931 (1985) (citing Megapulse, Inc. v. Lewis, 672 F.2d 959, 967–68 (D.C.Cir. 1982)). For contract claims, the Acts operate both as a jurisdictional grant and abrogation of sovereign immunity — though only for money damages, not equitable relief. Id. See also Megapulse, 672 F.2d at 968.

The Little Tucker Act expressly excludes from its jurisdictional grant to the district courts claims subject to the Contract Disputes Act ("CDA"), formerly codified at 41 U.S.C. § 601, *et seq.* and amended and recodified in 2011 at 41 U.S.C. § 7101, *et seq.* "When the Contract Disputes Act applies, it provides the exclusive mechanism for dispute resolution." Dalton v. Sherwood Van Lines, Inc., 50 F.3d 1014, 1017 (Fed.Cir. 1995). The CDA "applies to any express or implied contract . . . made by an executive agency for (1) the procurement of property . . ." 41 U.S.C. § 7102(a)(1). The Act requires: "[e]ach claim by a contractor against the Federal Government relating to a contract . . . shall be submitted within 6 years after the accrual of the claim." 41

U.S.C § 7103(a)(4)(A). A "contracting officer" is "an individual who, by appointment in accordance with applicable regulations, has the authority to make and administer contracts and to make determinations and findings with respect to contracts." 41 U.S.C. § 7101(6)(A). A "contractor" is any "party to a Federal Government contract other than the Federal Government." 41 U.S.C. § 7101(6)(B).

The federal contracting officer is required to render a decision within sixty days of the submission of a claim for less than $100,000. 41 U.S.C § 7103(f)(1). "[W]ithin 90 days from the date of receipt of a contracting officer's decision," the claimant may either appeal the decision to an agency board, 41 U.S.C. 7104(a), or bring an action *de novo* in the Federal Court of Federal Claims, 41 U.S.C. § 7104(b). The Act "thus precludes a contractor from filing suit in district court; a contractor may only file suit in the Court of Federal Claims." Texas Health Choice, L.C. v. Office of Pers. Mgmt., 400 F.3d 895, 899 (Fed. Cir. 2005). "The purpose for centralizing the resolution of government contract disputes in the Court of Federal Claims, rather than in district court, is to ensure national uniformity in government contract law." Id.

Consequently, if the CDA applies to the Amended Complaint, this Court lacks subject matter jurisdiction to hear the dispute, as jurisdiction lies exclusively with the Court of Federal Claims. But USDA did not move to dismiss on those grounds, arguing instead that Plaintiffs have failed to demonstrate compliance with the Contract Disputes Act's procedures. In so doing, USDA implicitly argues against transfer to the Court of Federal Claims, which would normally be required by 28 U.S.C. section 1631. That statute provides that, in situations where district courts lack subject matter jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." Indeed, transfer is preferable to dismissal where the plaintiff would suffer prejudice as a result of dismissal, such as the expiration of the statute of limitations. Lemoge v. United States, 587 F.3d 1188, 1195 (9th Cir. 2009). First, however, the Court must determine whether this action could have been brought in the Court of Federal Claims in the first instance.

The purchase at issue constitutes an express contract "made by an executive agency for

6

(1) the procurement of property . . . ," 41 U.S.C. § 7102(a)(1).  Under the CDA, Plaintiffs were required to sumit a claim within six years after accrual of the claim.  41 U.S.C. § 7103(a)(4)(A).  In opposition to the instant Motion, Plaintiffs submitted an e-mail dated February 1, 2012, sent to Shirley Tarkington, Sales Contracting Officer at GSA, Property Management Office 9QSCC, in which Plaintiffs state: "This e-mail shall serve as my formal request for a price reduction off the purchase price of said item, on the grounds that it was misrepresented."  Opp., ECF No. 15, Ex. A032.  The response from Ms. Tarkington states that the terms and conditions of sale required claims of misdescription to be submitted within fifteen days from the date of award.  Nevertheless, Ms. Tarkington's e-mail also states that GSA agreed to refund Plaintiffs $1,000 "as a courtesy for any inconvenience that may have been caused by this experience."  Opp., Ex. A033.

Without citing to any authority, USDA argues that Plaintiffs had an "administrative obligation" to make their refund claim within fifteen days.  While Plaintiffs may have had this obligation as part of their contract – an issue that the parties can litigate on the merits when they litigate the questions of performance and breach generally – USDA has not established that Ms. Tarkington's response or the terms and conditions of sale shortened the six-year statute of limitations in the CDA.

Separate from that statute of limitations, Plaintiffs were also required to appeal the decision of a contracting officer within twelve months of receipt of the decision.  The CDA requires the contracting officer to issue its decision "in writing" and further requires the contracting officer to "mail or otherwise furnish a copy of the decision to the contractor."  41 U.S.C. § 7103(d).  The decision "shall state the reasons for the decision reached and shall inform the contractor of the contractor's rights as provided" for by the CDA.  41 U.S.C. § 7103(e).  Here, USDA does not deny that Ms. Tarkington was a contracting officer, nor does it argue that the claim Plaintiffs submitted via e-mail was invalid.  Ms. Tarkington's response was dated February 3, 2012.  Plaintiffs filed this action on February 5, 2013, twelve months and two days later (though February 3, 2013 was a Sunday).  Ms. Tarkington's response does not appear to have "inform[ed] the contractor of the contractor's rights as provided" for by the CDA.

USDA does not address whether Plaintiffs exceeded the deadline imposed by the CDA for

an appeal to federal court. It could be that Plaintiffs received the e-mail on a later day; it could be that Ms. Tarkington's e-mail did not constitute a decision at all because it did not contain the statutorily-required language, which would shift the limitations period calculation as well. Though this Court must evaluate whether Plaintiffs could have brought this action in the Court of Federal Claims, it cannot, on the record before it, determine that Plaintiffs exceeded either the six-year limitations period or twelve-month appeal period found in the CDA. These questions, then, must be addressed, if ever, at a future date, following transfer to the Court of Federal Claims.

Because Plaintiffs' claims fall under the Contract Disputes Act, USDA does not dispute that Plaintiffs submitted a valid written claim, and Plaintiffs have not exceeded the six-year limitations period for filing this action, the Court hereby DENIES USDA's Motion to Dismiss for Lack of Jurisdiction and ORDERS Plaintiffs' claims against the United States SEVERED and TRANSFERRED to the Court of Federal Claims for all further proceedings.

This Order does not express any opinion on whether Plaintiffs filed this action within the period permitted by the CDA, nor does it decide whether Plaintiffs' purported amendment to the Amended Complaint was effective, as this Court cannot address subsidiary motions or matters if it does not have subject matter jurisdiction over the underlying claim.

**IT IS SO ORDERED.**

Dated: October 6, 2013

_____
JON S. TIGAR
United States District Judge