UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LACHANA WILLIAMS, et al.,

    Plaintiffs,

v.

COUNTY OF KERN,

    Defendant.

Case No. 13-cv-00508-JST

**ORDER OF TRANSFER TO THE EASTERN DISTRICT OF CALIFORNIA**

The Court having severed and transferred Plaintiffs' claims against the United States Department of Agriculture to the Court of Federal Claims, ECF No. 30, the only remaining defendant in this action is the Kern County Fire Department. Plaintiffs Lachana and Rupert Williams are residents of Florida and New Jersey. ECF Nos. 37, 39. Because no party is located in this district, the Court ordered the parties to show cause why this action should not be transferred to the Eastern District of California, where the Kern County Fire Department is located, pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses and in the interest of justice.

Plaintiffs opposed transfer, and Kern County filed a brief in support. Plaintiffs have not filed a reply within the time period allowed by the Court in its Order to Show Cause, ECF No. 38. The Court considers the matter submitted and will order that the case be transferred to the Eastern District of California.

**I.    BACKGROUND**

The Court incorporates its review of Plaintiffs' factual allegations in this action found in its Order Denying Motion to Dismiss, Severing Claim Against the United States, and Transferring to Court of Federal Claims, ECF No. 30.

## II.   LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quotation omitted).  A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis.  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

Courts considering transfer must engage in a two-step analysis.  First, courts determine whether the action could have been brought in the target district.  Hoffman v. Blaski, 363 U.S. 335, 344 (1960).  Second, courts undertake an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622).  That analysis considers the convenience of the parties, the convenience of the witnesses, and the interests of justice, as understood through the following eight factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones, 211 F.3d at 498–99.  The moving party bears the burden of establishing the factors in favor of transfer.  Id.

## III.   ANALYSIS

### A.   Venue in the Eastern District of California

Plaintiffs do not dispute that this case could have been brought in the Eastern District of California.  A civil action in which an agency of the United States is named as defendant may be brought in any judicial district in which a defendant in the action resides.  28 U.S.C. § 1392(e)(1)(A).  Here, Plaintiffs named the Department of Agriculture as a defendant, and Kern County resides in the Eastern District of California.  This action therefore could have been brought

2

1   in the Eastern District of California.

### B.   Convenience of the Parties and Witnesses, and the Interests of Justice

Plaintiffs oppose transfer on two grounds.  First, Plaintiffs argue that they are residents of Florida and New Jersey and that "it will be very inconvenient for us to attend court in Eastern District, because there is no major airport located in the Eastern District that would be convenient for us to fly into, in order to attend court without causing additional financial burden on the Plaintiffs."  ECF No. 39 at 1–2.  Second, Plaintiffs argue that they intend to call as witnesses two federal employees listed on the purchaser's receipt for the aircraft whose main offices are located in the Northern District of California, in San Francisco.

Neither ground is persuasive.  The factual heart of this case lies in Kern County, as does the bulk of the relevant evidence.  The aircraft in question was in the possession of the County at the time it was sold.  Plaintiffs allege that the County removed major components from the aircraft prior to Plaintiffs' arrival in Kern County to retrieve the aircraft after they purchased it.  They also allege that the aircraft's condition was misstated on the auction.  Evidence relevant to the aircraft's condition is therefore likely to reside in Kern County, where the aircraft was located at the time of the auction.  For example, in support of their complaint, Plaintiffs submitted a bid to refurbish missing equipment in the aircraft issued by Megahertz Avionics, Inc. of Bakersfield, California, which is located in the Eastern District of California.  ECF No. 1 at 10.  Finally, the aircraft remains today in Kern County.

As for the two federal witnesses, though they appear on the purchaser's receipt as contacts for the federal agencies involved with the sale,[1] the receipt also lists a Kern County employee named Ralph Tucker as the contact person for the auction.  According to the County, Tucker will testify as to several conversations he had with Plaintiffs regarding the condition of the aircraft.

---

[1] Shirley Tarkington is listed as the contact for the General Services Administration's Sales office in San Francisco.  Ms. Tarkington also signed the Aircraft Bill of Sale "c/o United States Dept of Agriculture; Kern County Fire Department."  Cynthia Sanderson is listed as one of two contacts for the "Owning Agency or Reporting Office," the USDA Forest Service.  Also listed as a contact is Ralph Tucker.  The contact under the "Property Location" section is Ralph Tucker, Kern County Fire Meadows Field STA62.

United States District Court
Northern District of California

Denny Decl., ECF No. 41 at 8 ¶ 3. The bulk of the witnesses relevant to Plaintiff's allegations of malfeasance are also employees of Kern County. Any ministerial role the two federal employees in San Francisco may have played in facilitating the auction is outweighed by the central role played by the witnesses located in the Eastern District of California.

## IV.   CONCLUSION

For the foregoing reasons, for the convenience of the parties and witnesses, and in the interest of justice, the Court Orders this action TRANFERRED to the United States District Court for the Eastern District of California.

**IT IS SO ORDERED.**

Dated: November 26, 2013

_____
JON S. TIGAR
United States District Judge